IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| PAUL C. ALLEN, ) | **MEMORANDUM DECISION & ORDER** |
| ) | **DENYING HABEAS PETITION** |
| Petitioner, ) | |
| ) | Case No. 2:08-CV-858 DAK |
| v. ) | |
| ) | District Judge Dale A. Kimball |
| STEVEN TURLEY, ) | |
| ) | |
| Respondent. ) | |

_____

Petitioner, Paul C. Allen, an inmate at Utah State Prison, petitions for habeas corpus relief.[1]  The Court denies him.

BACKGROUND

A jury convicted Petitioner of aggravated murder, for which he was sentenced to life in prison with the possibility of parole.  On direct appeal to the Utah Supreme Court, Petitioner raised the following trial-court errors:  (1) refusal to grant a mistrial after a witness testified Petitioner retained an attorney before his arrest; (2) a reasonable-doubt jury instruction; (3) allowing evidence under Utah Rule of Evidence 404(b); (4) refusal to grant a mistrial after a witness testified that Petitioner had been asked by police to take a lie-detector test; and (5) refusal to grant a new trial based on juror misconduct.  The supreme court affirmed Petitioner's conviction.  The court declined to address the first two issues on the merits because they were inadequately briefed, violating the Utah Rules

_____

[1]*See* 28 U.S.C.S. § 2254 (2010).

of Appellate Procedure. The remaining three issues were apparently rejected on state-law grounds.

Petitioner then brought a state post-conviction petition, in which he asserted the following matters warranted the overturning of his conviction: (1) judicial bias; (2) false testimony at trial; (3) juror bias; (4) omission of a jury instruction; (5) erroneous jury instruction(s) and special-verdict form; (6) multiplicitous charges; (7) result-driven and erroneous Utah Supreme Court review on direct appeal; (8) fundamentally unfair trial; (9) failure to grant a new trial; (10) ineffective assistance of trial counsel; and (11) ineffective assistance of appellate counsel. The state trial court denied relief on issues one through ten (except number seven, which was dismissed as frivolous on its face), concluding that all those challenges were procedurally barred because they either were raised or could have been raised on direct appeal. It ruled that Petitioner's ineffective-assistance-of-appellate-counsel claim was too vague and speculative to warrant relief.

Petitioner appealed to the Utah Supreme Court, which agreed with the trial court that almost all the issues were procedurally barred, then, based on another fatal procedural error, added a ground for dismissal of all his claims on appeal: Petitioner's comprehensive disregard for Utah's appellate rules.

Petitioner's current petition to this Court attacks these alleged violations in his state-court criminal proceedings: (1) structural error--i.e., a biased tribunal; (2) improper special verdict form; (3) multiplicitous, overlapping counts; (4) improper jury instructions; (5) juror misconduct; (6) prosecutorial misconduct; (7) his absence from various hearings and conferences; (8) ineffective assistance of trial and appellate counsel; (9) other-crimes evidence introduced under Utah Rule of Evidence 404(b); and (10) jurors were incorrectly told that a certain written immunity agreement did not exist.

The State responds to the petition, correctly arguing that these grounds are procedurally defaulted, as they were or would be rejected on procedural grounds by the Utah Supreme Court.[2] All were denied supreme-court consideration because of Petitioner's overwhelming disregard of the appellate rules on proper briefing.[3] And, all, except for ineffective assistance of

---

[2] Ground number nine, if it regards the state-law ramifications of other-crimes evidence, was reviewed on direct appeal. However, that question is ineligible for consideration in this federal habeas case. After all, it is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

[3] *Allen v. Friel*, 194 P.3d 903, 907-11 (Utah 2008).

appellate counsel, were or would have been denied supreme-court consideration, because they were or could have been reviewed on direct appeal or in prior state-post-conviction proceedings.[4]

ANALYSIS

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[5]

Under Utah procedural law, a person is ineligible for post-conviction relief "upon any ground that . . . was raised or addressed at trial or on appeal; [or] could have been but was not raised at trial or on appeal," or "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief."[6] Further, Utah's appellate rules require an appellant to provide a brief containing a "statement of the issues presented for review" and arguments incorporating "the contentions and reasons of the appellant with respect to the

---

[4] *Id.* at 910-13.

[5] *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[6] Utah Code Ann. § 78B-9-106(1) (2010).

issues presented, including the grounds for reviewing any issues not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on."[7]

Based on the Court's review of Utah cases, these rules are "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that they are "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'"[8] Under the federal law outlined earlier, this Court must therefore dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems their default.[9]

Petitioner argues both cause and prejudice and a

---

[7] Utah R. App. P. 24(a).

[8] *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *Kell v. Utah*, 194 P.3d 913, 918 (Utah 2008) (holding post-conviction court correctly dismissed claims that had been previously raised and rejected, or could have been but were not raised, on direct appeal); *Gardner v. Galetka*, 151 P.3d 968, 969 (Utah 2007) (holding claim would have been procedurally barred because it could have been brought in prior post-conviction proceeding); *Hutchings v. Utah*, 84 P.3d 1150, 1153 (Utah 2003) (affirming dismissal of all claims that were raised, or could have been raised, in prior proceedings); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Loose*, 135 P.3d 886, 889-90 (Utah Ct. App. 2006) (holding inmate barred from bringing post-conviction claim when issue could have been but was not raised on appeal); *State v. Stone*, 2004 UT App 369, ¶ 5 (unpublished) (declining to consider all claims that were raised or could have been raised at trial or on direct appeal); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue).

[9] *See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

5

fundamental miscarriage of justice. Specifically, Petitioner asserts cause and prejudice stem from his ineffective-assistance-of-counsel claims and fundamental miscarriage of justice stems from structural error (i.e., systemic unfairness throughout his state proceedings, including judicial bias) and the merits of his substantive claims.

The Court first examines cause and prejudice, as to Petitioner's assertion that his ineffective-assistance claims provide a path to allow this Court to address his procedurally defaulted claims on the merits. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[10] Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[11]

Petitioner has not done this, instead offering a rather circular argument about ineffective assistance. As mentioned earlier, ineffective assistance in Petitioner's criminal proceedings must have been properly raised in the state courts to qualify for federal habeas consideration. In general,

---

[10] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[11] *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

6

ineffective assistance does not provide an excuse for not properly raising, with different counsel or pro se, ineffective assistance or any other issue on direct appeal or state habeas review. Further, any suggestion, if it exists, that ineffective assistance of counsel prejudicially hampered Petitioner in any habeas cause "is unavailing because there is no right to counsel in post-conviction proceedings."[12]

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[13] Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[14] Petitioner is burdened with making "a proper showing of factual innocence."[15]

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or

---

[12] *Savage v. Trani*, No. 08-1358, 2009 WL 722632, at *1 (10th Cir. Mar. 17, 2009) (citing *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006)).

[13] *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[14] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[15] *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

7

whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The Court thus denies Petitioner federal habeas relief.

## CONCLUSION

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 1st day of November, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge